J-S15032-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GERALD HALL | : | |
| | : | |
| Appellant | : | No. 2343 EDA 2023 |

Appeal from the PCRA Order Entered August 23, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0807821-1990

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED DECEMBER 4, 2024**

Gerald Hall, *pro se*, appeals from the order dismissing his serial Post Conviction Relief Act (PCRA) petition as untimely. ***See*** 42 Pa.C.S. §§ 9541-9546. We affirm.

A jury convicted Hall in 1992 of, *inter alia*, first-degree murder stemming from the 1990 shooting death of Marcellus Jones at the intersection of Somerset and Croskey Streets in Philadelphia. Thereafter, Hall was sentenced to a term of life imprisonment.

Briefly, on the night of the shooting, police officers heard gunshots and spotted a Chevrolet Camaro traveling at a high rate of speed, which prompted the officers to activate their flashing lights and sirens until that vehicle pulled over. When the vehicle stopped, its passenger, later identified as Hall's cousin,

---

[*] Retired Senior Judge assigned to the Superior Court.

Derrick Baker, fled, but he was eventually captured. Upon his capture, Baker disclaimed any involvement in the shooting and blamed his cousin, Hall. The driver of the Camaro, however, exited the vehicle and managed to escape.

Later, Baker gave an additional statement to police, paralleling his earlier statement implicating Hall in the abovementioned murder. Detectives thereafter went to Hall's home, finding him hiding. Hall was then arrested and, at the police headquarters, ultimately confessed to killing the victim. Hall also admitted to the location of the murder weapon: under his basement couch. Following the acquisition of a search warrant, police found a .45 caliber automatic handgun consistent with where Hall stated it would be. A subsequent ballistics report matched the bullet and cartridge cases found at the scene of the crime with both the cartridge cases that were recovered in the Camaro as well as the handgun found in Hall's residence.

At Hall's trial, in addition to reading in Baker's pre-trial testimony taken at the preliminary hearing, the Commonwealth presented eyewitness testimony to demonstrate that the driver of the Camaro, based on where the shots were fired from, was the shooter. Hall did not testify on his own behalf, but in his defense argued that the police coerced his confession and, too, averred that Baker's statement to the police was false and that Baker, and not Hall, was the actual murderer.

Following sentencing, this Court affirmed his judgment of sentence on July 16, 1997, and our Supreme Court denied his petition for allowance of appeal on February 23, 1998. Hall sought no further review from the United

States Supreme Court. Independent of the present action, Hall filed two since-dismissed PCRA petitions. Most recently, in 2018, appointed counsel, upon review of that latter petition, filed a ***Turner***/***Finley*** no-merit letter[1] stating that the petition lacked any issues of arguable merit and was additionally untimely. ***See*** Order, 12/13/18 (granting appointed counsel's application to withdraw from representation).

Hall filed the instant petition on September 2, 2021,[2] which was dismissed as untimely on August 23, 2023. Hall timely appealed from this dismissal.[3]

We review the PCRA court's dismissal of Hall's current PCRA petition to determine whether its decision is supported by the record and free of legal

_____

[1] ***See Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] We note that, beyond his initial petition, Hall filed approximately twenty-three *additional* documents, over a several month span, to the lower court. These documents were titled in various ways, but were, on occasion, construed as amended PCRA petitions by the lower court and adjudicated thusly.

[3] Before this Court, Hall has, *inter alia*, filed an appellate brief, an amended appellate brief, a reply brief, a brief drafted by "paralegals," and several applications for relief. Hall's littering of the record with verbose filings that either present redundant arguments or serve as the genesis of new issues outside of the scope of his original PCRA petition or its subsequent amendments have, undoubtedly, caused ambiguity and negatively impacted our ability to resolve Hall's appeal. ***See, e.g.***, Reply Brief (arguing, for the first time, that ***Miller v. Alabama***, 567 U.S. 460 (2012), applies to his case notwithstanding its explicit applicability to "those under the age of 18 at the time of their crime" and Hall's admission that he was at 19 when the murder was committed).

error. *See Commonwealth v. Kennedy*, 266 A.3d 1128, 1132 (Pa. Super. 2021); *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018).

The PCRA mandates that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond that one-year time period only if the defendant pleads and proves one of the three exceptions set forth in that statute. *Id*. These exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id*., § 9545(b)(1)(i)-(iii).

A petitioner seeking to invoke a PCRA time-bar exception must file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA's time limit is jurisdictional, and a court may not ignore it and reach the merits of an untimely PCRA petition. *See Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017); *Commonwealth v. Woolstrum*, 271 A.3d 512, 513 (Pa. Super. 2022); *Pew*, 189 A.3d at 488.

- 4 -

Given that he sought no further review from our Supreme Court's 1998 denial of his petition for allowance of appeal, Hall's judgment of sentence has been final for several decades, and his current petition is, therefore, facially untimely. **See** 42 Pa.C.S. § 9545(b)(3).

As best can be discerned,[4] Hall attempts to circumvent the PCRA's time-bar through a blunderbuss of theories. Hall first alleges an ineffective assistance of counsel claim against his former PCRA counsel via **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021) (allowing a petitioner to assert an ineffective assistance of counsel claim against prior PCRA counsel at the first opportunity).[5] Although he makes no mention of when he received the benefit of counsel in any of his prior PCRA proceedings, we emphasize that "[n]othing in **Bradley** creates a right to file a second PCRA petition outside the PCRA's one-year time limit as a method of raising ineffectiveness of PCRA counsel or permits recognition of such a right." **Commonwealth v. Stahl**,

_____

[4] Hall's brief violates several of our Rules of Appellate Procedure. *Inter alia*, his brief contains no statement of the questions involved nor clear argument summary. **See** Pa.R.A.P. 2111(a)(4)-(5). Instead, Hall's brief contains a disjointed series of headings such as "The Ambiguity Between the 'Law' and 'Reality,'" "Notice to the Court," "My Whereabouts," and "Facts which lead to other Facts". Appellant's Brief, at 6-7, 10-11.

[5] Later in his brief, Hall presents another series of ineffective assistance of counsel assertions albeit against his trial counsel. Hall argues that trial counsel was ineffective for not requesting a limiting instruction as to Baker's testimony and for not calling a series of witnesses to testify on Hall's behalf. **See** Appellant's Brief, at Page A. Hall fails to provide any indicia that either of these averments surmount the PCRA's time-bar, and we are therefore without jurisdiction to consider any of their substance.

292 A.3d 1130, 1136 (Pa. Super. 2023). As such, Hall has inherently failed to plead and prove any exception to the PCRA's time-bar under the auspice of **Bradley**.

Next, Hall contends that there was governmental interference[6] in his case through **Brady** violations. **See Brady v. Maryland**, 373 U.S. 83 (1963). Specifically, Hall argues that the Commonwealth "chose not to inform the defense that former [Assistant District Attorney (ADA) Richard Sax] was the subject of a perjury investigation initiated by the District Attorney's Office[.]" Appellant's Brief, at 4 (parentheses omitted). Hall further insists that the prosecution failed to turn over **Brady** materials "regarding official misconducts" by detectives who allegedly had worked on his case. **Id**., at 9.[7]

_____

[6] To plead and prove the applicability of that exception, Hall needed to show that "the failure to raise [his substantive claims] was the result of interference by government officials." 42 Pa.C.S. § 9545(b)(1)(i). This Court has stated that to make a successful claim under this exception, an appellant must show a "violation of his rights under constitutional or state law." **Commonwealth v. Rizvi**, 166 A.3d 344, 348 (Pa. Super. 2017); **see also** 42 Pa.C.S. § 9545(b)(1)(i).

A **Brady** violation claim may also qualify as a newly discovered fact, as long as petitioner establishes that: 1) "the facts upon which the claim was predicated were unknown" and 2) the fact "could not have been ascertained by the exercise of due diligence." 42 Pa.C.S. § 9545(b)(1)(ii); **see also Commonwealth v. Bennett**, 930 A.2d 1264, 1271-72 (Pa. 2007). "If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection." **Bennett**, 930 A.2d at 1272 (citing **Commonwealth v. Lambert**, 884 A.2d 848, 852 (Pa. 2005)).

[7] As to these detectives, Hall provides "recently discovered" clips from media sources demonstrating their apparent mishandling of an unrelated case involving Anthony Wright.

Hall also suggests that detectives "abused their power" in their search of his residence and in forcibly extracting a confession from him. *Id*., at 4.

Summarized by the lower court, as relevant to his first two alleged *Brady*-based claims, Hall

appended two news articles discussing ADA Sax's alleged suppression of evidence in the Antonio Martinez case, and [D]ectectives Augustine, Jastrzembski, and Devlin's purported misconduct implemented while investigating Anthony Wright– namely by utilizing "coercive interrogation tactics" and "committing Perjury."

Trial Court Opinion, 8/23/23, at 3 (footnote omitted). Hall included the same, and additional, submissions in his appellate brief and ancillary filings. *See, e.g.*, Appellant's Brief, at Exhibits A-B. The lower court concluded that

the appended new articles fail to provide evidence to support the alleged 'facts' underlying [Hall's] *Brady* claim[s]. Neither article specifically cites any admissions or conclusive wrongdoing by ADA Sax or the [D]etectives that may be linked to [Hall's] case. Moreover, [Hall] failed to demonstrate that the [D]etectives mentioned in the articles were even involved with his case, and even if they were, [Hall] has failed to reasonably articulate how their alleged derelictions in unrelated matters comports to misconduct in his case.

Trial Court Opinion, 8/23/23, at 3. The lower court then correctly pointed out that "allegations in the media, whether true or false, are no more evidence than allegations in any other out-of-court situation." *Commonwealth v. Castro*, 93 A.3d 818, 825 (Pa. 2014). Allegations are not evidence. *See id*.

Recently, this Court determined that "newspaper articles referencing misconduct by Detectives Jastrzembski and Santiago in matters unrelated to [a petitioner's case] do not constitute newly-discovered facts."

*Commonwealth v. Reeves*, 296 A.3d 1228, 1233 (Pa. Super. 2023). Here, Hall's newspaper articles, impugning, *inter alia*, those same two Detectives, do not, *ipso facto*, demonstrate misconduct in Hall's specific case. Other than baldly asserting that the same Detectives worked, at some juncture, on his case, Hall has failed to demonstrate any sort of nexus between the provided news articles and anything relevant to what, in fact, occurred prior to and during his own trial as it relates to the individuals named in the articles.

Regarding ADA Sax, the provided excerpt of an undated news article merely discusses his prosecutorial work and states that the current regime within the Philadelphia District Attorney's Office has questioned some of his work on past cases. **See** Appellant's Brief, at Exhibit A. The text, however, does not evidence any sort of relationship between ADA Sax and Hall's case nor does it even serve to prove any sort of illegal or unconstitutional behavior committed by ADA Sax. At most, that truncated article contains mere allegations, which, as stated above, are not evidence. While Hall also included the results of an open records request directed at the Philadelphia District Attorney's Office on ADA Sax's personnel file, showing that ADA Sax was involved in some sort of internal investigation into the use of potentially perjured testimony in 1986, **see id**., Hall makes no attempt to show that this information provides support, beyond conjecture, to anything that is relevant to his case.

As to his claims that detectives committed an unconstitutional search of his house and, too, illegally coerced him into making an inculpatory statement, both of these "facts" would, or at a minimum should through the exercise of due diligence, have been known to him decades ago and cannot serve as bases for newly discovered facts. Therefore, they cannot, now, be used as newly discovered facts to circumvent the PCRA's time-bar.

Finally, embedded amongst his *Brady* claims, Hall casts doubt on the veracity of Baker's testimony, where Baker was the state's "sole eyewitness … at [his] preliminary hearing." Appellant's Brief, at 4; *see also id.*, at 6 (Hall claiming that Baker "has been a cooperating witness for ADA Sax since 1985") (cleaned up); *id.*, at 12 (Hall arguing that the Commonwealth failed to disclose its "tacit agreement" with Baker, which involved Baker providing false testimony that incriminated Hall for some sort of immunity). Hall further accuses Baker as being the sole murderer of Marcellus Jones. *See id*., at 6; *see also id*., at Exhibit D (two letters purportedly from Baker wherein Baker admits to the murder); *id*., at 10 (Hall claiming that he was sitting on his grandmother's porch when the murder of Jones occurred).

To the extent Hall is relying on the letters from Baker to establish a newly discovered fact,[8] it is unclear how Baker's apparent admission to the

---

[8] In its appellee brief, the Commonwealth: (1) casts doubt on Hall's diligence in obtaining information from Baker, who is his first cousin, over thirty years after being convicted; and (2) notes the various ambiguities in the timeline *(Footnote Continued Next Page)*

murder satisfies this exception. At trial, Hall's defense was predicated on Baker being the shooter. ***See, e.g.***, N.T., 2/4/92, at 74-75 ("And Derrick Baker fired that gun."). It is well-established that the focus of the newly discovered fact exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." ***Commonwealth v. Lopez***, 249 A.3d 993, 1000 (Pa. 2021) (citation and quotation marks omitted).

As to the "secret agreement" between ADA Sax and Baker, and the letters more broadly, the lower court found that Hall:

> failed to demonstrate that Baker even authored the letters. Neither correspondence includes any way to identify the author, much less does "Baker" indicate a willingness to testify. To the contrary, Baker suggests he is unwilling to cooperate. Second, [Hall] … failed to provide adequate evidence which would suggest [the] "secret agreement" between the prosecution and Baker, nor do the appended letters incorporate such an agreement. Moreover, it is unclear what "false testimony" Baker presented to the court, as [Hall] neglected to provide any documentation or a reasonable explanation.

Trial Court Opinion, 8/23/23, at 2 (footnote omitted). We agree with the lower court's assessment of the letters' contents. Preliminarily, the veracity of the letters, themselves, are dubious. However, assuming, *arguendo*, that there was an agreement between ADA Sax and Baker, Hall fails to show how this "fact" materially changes anything that has not already been argued or

---

surrounding when Hall received the two letters, one of which is undated, ostensibly from Baker. ***See*** Appellee's Brief, at 12-14.

adjudicated.

A thorough review of the letters, themselves, militates in favor of a conclusion that the nature of Baker's purported "false testimony" and, more broadly, his supposed relationship with ADA Sax is entirely unclear. While one of the underlying claims in Hall's PCRA petition is that it was Baker who murdered Marcellus Jones and not himself, to the extent that the letters make that "fact" more plausible, it has clearly already been litigated and not subject to further review.

With Hall having failed to plead and prove any exception to the PCRA's time-bar, we are without jurisdiction to consider the substantive components of his petition. As such, we affirm the lower court's order dismissing his petition on timeliness grounds.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/4/2024